# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CLIFFORD M. FARMER; GLORIA LITTLE; and MONAQUE FARMER,<br><br>           Plaintiff,<br><br>v.<br><br>CHAD JOHNSON, Parole Agent; DEREK WEINKE, Parole Agent; LAWRENCE K., Parole Agent; SHAWN BLIVEN, DOC Agent; SAM AZURE, DOC Agent, RUSS JUDE, DOC Agent; BRUCE MEAGER, DOC Agent; NATE COLE, DOC Agent; and OTHERS YET TO BE IDENTIFIED, acting under the color of state law in their individual and official capacities; and D.O.C.,<br><br>           Defendants. | Civ. No. 18-2375 (SRN/BRT)<br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Clifford M. Farmer commenced this action by bringing a Complaint for alleged violations of his constitutional rights. (*See* Doc. No. 1.) Farmer did not pay the filing fee for the action, but instead applied for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2.) On initial review of Farmer's IFP application, this Court noted that Farmer qualified financially for IFP status, but substantive deficiencies in the Complaint precluded this Court from granting Farmer IFP status at that time. (*See* Doc. No. 3.) Rather than recommend dismissal of the action, Farmer was provided an opportunity to submit an Amended Complaint. (*Id.*)

Farmer did submit an Amended Complaint, but that pleading introduced a new problem. Along with Farmer, two additional Plaintiffs—Gloria Little and Monaque Farmer—were added to the litigation. (*See* Doc. No. 7.) Neither Little nor Monaque Farmer have indicated in any way that they intended to prosecute this action on their own behalf, and Clifford Farmer, as an unrepresented party, cannot prosecute claims on others' behalf. Moreover, neither Little nor Monaque Farmer filed IFP applications, and thus neither had demonstrated their personal financial eligibility for IFP status. Accordingly, this Court instructed the litigants to clarify the status of Little and Monaque Farmer with respect to this litigation by no later than December 28, 2018, failing which it would be recommended that those parties be dismissed from this action. (*See* Doc. No. 8.)

That deadline has now passed, and the Plaintiffs have not responded to that Order or otherwise communicated with the Court. Accordingly, this Court now recommends, in accordance with its prior Order, that Plaintiffs Gloria A. Little and Monaque D. Farmer be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). By separate Order, this Court will grant the IFP application of Clifford Farmer and direct that service of process be effected.

## RECOMMENDATION

Based upon the foregoing, and on all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Plaintiffs Gloria A. Little and Monaque D. Farmer be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: January 8, 2019               *s/ Becky R. Thorson*
                                     BECKY R. THORSON
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).